UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 1:97-cr-43-01

    Plaintiff,   Hon. Richard Alan Enslen

v.

GEORGE TIMOTHY GRAY,

    **ORDER**

    Defendant.   /

This matter is before the Court on Defendant George Timothy Gray's Motion for Clarification of Court Ordered Restitution and Waiver of Interest. The Government has opposed the Motion.

Defendant Gray was sentenced on March 18, 1998 after a jury trial in which he was convicted of bank robbery, felony murder and related crimes. This Court issued an Amended Judgment on August 7, 2000.

After review, the Court finds it is without authority to waive the interest on Defendant's restitution. Pursuant to Federal Rule of Criminal Procedure 35, the Court can correct a sentence within seven days of sentencing, or reduce the sentence upon a motion made by the Government within one year of the sentence. FED. R. CRIM. P. 35(a)-(b); *see also United States v. Vicol*, 460 F.3d 693, 694 (6th Cir. 2006) (holding "the phrase 'correct a sentence' as used in Rule 35 requires a district court to actually resentence a defendant within 7 days after the court first orally sentences that defendant.") As this motion has been made more than five years after sentencing, the Court finds it untimely and lacks authority to modify his sentence.

To the extent Defendant requests this Court "clarify" his restitution amount is $6,733.00 to the Bureau of Prisons, the Court declines to do so. Defendant was ordered to pay restitution in the

amount of $13,466.00, not one-half of that sum.  Defendant's Judgment states "No further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury." (Am. J. at 5.)  Defendant misinterprets this language to mean he and co-defendant Cruz are each "evenly" liable for one-half of the full amount.  To the contrary, this language indicates Defendant and co-defendant Cruz are *jointly and severally* liable for the entire restitution amount.  Therefore, the Court has nothing to clarify to the Bureau of Prisons.  *See* 18 U.S.C § 3664(h) ("If the Court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution . . .")  Accordingly,

**IT IS HEREBY ORDERED** that Defendant George Timothy Gray's Motion for Clarification of Court Ordered Restitution and Waiver of Interest (Dkt. No. 311) is **DENIED**.

Dated in Kalamazoo, MI:         /s/Richard Alan Enslen
June 1, 2007         Richard Alan Enslen
       Senior United States District Judge